

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALLY HERNANDEZ, an individual,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>DOLLAR TREE STORES, INC., a California corporation; and DOES 1-25,<br><br>　　　　　　Defendant. | Case No.: 3:21-cv-1447-BEN-KSC<br>**ORDER GRANTING IN PART STIPULATION TO SUBMIT ENTIRE ACTION TO ARBITRATION**<br><br>**[ECF No. 8]** |

## I.   INTRODUCTION

Plaintiff WALLY HERNANDEZ, an individual ("Plaintiff"), brings this action against Defendant DOLLAR TREE STORES, INC., a California corporation ("Defendant") seeking relief arising out of Plaintiff's employment with Defendant. ECF No. 1 at 2, ¶ 2. Before the Court is the Stipulation to Submit the Entire Action to Arbitration (the "Joint Motion"). ECF No. 8. After considering the papers submitted, supporting documentation, and applicable law, the Court **GRANTS IN PART** the Joint Motion.

## II.   BACKGROUND

### A.   Statement of Facts

Plaintiff alleges that he began his employment with Defendant around November 2015, as a part-time stocker and retail associate at Defendant's retail store in Encinitas,

California. ECF No. 1-2 at 4,[1] ¶ 15. In February 2016, Defendant promoted Plaintiff to a part-time Assistant Manager. *Id.* at 4, ¶ 16. In September 2018, Defendant again promoted Plaintiff to a full-time Assistant Manager. *Id.* at 4, ¶ 17. Plaintiff alleges that once the COVID-19 pandemic began, Defendant did not enforce the mask mandate, and on October 15, 2020, Defendant terminated Plaintiff in retaliation for his speaking up about Defendant not requiring its customers to comply with the mask mandate. *Id.* at 5-7, ¶¶ 22-30.

### B. Procedural History

On July 1, 2021, Plaintiff filed a Complaint against Defendant in the Superior Court of the State of California, County of San Diego, Case No. 37-2021-00028319-CU-OE-CTL, alleging three causes of action for (1) wrongful discharge in violation of public policy, CAL. LAB. CODE §§ 6400 *et seq.*; Cal. Code Regs. Tit. 8, §§ v3380, 5141; (2) retaliation, CAL. LAB. CODE § 1102.5; and (3) intentional infliction of emotional distress. ECF No. 1 at 2, ¶¶ 1-2; *see also* Complaint, ECF No. 1-2.

On August 10, 2021, Defendant timely filed an Answer. ECF No. 1-2 at 21-25. On August 13, 2021, Defendant timely removed the case on the basis of diversity jurisdiction, ECF No. 1 at 2, and filed its Answer in federal court, *see* ECF No. 2.

On September 10, 2021, the parties filed the instant stipulation. ECF No. 6.

## III. LEGAL STANDARD

Where a plaintiff files suit "in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for . . . arbitration, the court in which such suit is pending, upon being satisfied that the issue . . . is referable to arbitration . . . shall on application of one of the parties stay the trial of the action until such arbitration." 9 U.S.C. § 3. Under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds that exist

---

[1] Unless otherwise indicated, all page number references are to the ECF-generated page number contained in the header of each ECF-filed document.

at law or in equity for the revocation of a contract." 9 U.S.C. § 2. "Once the court has determined that an arbitration agreement relates to a transaction involving interstate commerce, thereby falling under the FAA, the court's only role is to determine [1] whether a valid arbitration agreement exists and [2] whether the scope of the dispute falls within that agreement." *Ramirez v. Cintas Corp.*, No. C 04-00281 JSW, 2005 WL 2894628, at *3 (N.D. Cal. Nov. 2, 2005) (citing 9 U.S.C. § 4; *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000)).

## IV. DISCUSSION

The Parties seek a Court Order approving the Parties' Stipulation to Submit the Case to Arbitration. ECF No. 6. The Parties indicate that during his employment, Plaintiff signed a Mutual Agreement to Arbitrate Claims. *Id.* at 2:9-13. The parties ask the Court to retain jurisdiction of the case to enforce the Stipulation to Arbitrate; enforce any arbitration award; and "perform any other roles as permitted by the Federal Arbitration Act." *Id.* at 2:17-20, 3:1-6.

"[A] district court may either stay the action or dismiss it outright when . . . the court determines that all of the claims raised in the action are subject to arbitration." *Johnmohammadi v. Bloomingdale's, Inc.*, 755 F.3d 1072, 1073-74 (9th Cir. 2014); *see also Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638, 641 (9th Cir. 1988) (affirming the district court's dismissal of one the plaintiff's claims because the parties agreed to submit those claims to arbitration, and no nonarbitrable claims remained in the case); *Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1060 (9th Cir. 2004) (holding that the district properly dismissed the claims "[a]lthough the Federal Arbitration Act 'provides for a stay pending compliance with a contractual arbitration clause . . . a request for a stay is not mandatory'"); *Gadomski v. Wells Fargo Bank N.A.*, 281 F. Supp. 3d 1015, 1020-21 (E.D. Cal. 2018) (holding that "because both claims are to be arbitrated, the Court dismisses Plaintiff's claims in favor of arbitration"); *Olsavsky v. Prestige Healthcare*, No. 4:14CV510, 2014 WL 1333670, at *2 (N.D. Ohio Apr. 1, 2014) (granting, in part, a joint motion to stay a case pending arbitration but ordering dismissal

of the case in its entirety because "all of the parties' claims are subject binding arbitration and there is nothing left before this Court except to execute judgment").

Because the Parties indicate all claims will be arbitrated and do not raise any non-arbitrable claims, the Court finds that all claims are subject to binding arbitration, so there is nothing left before this Court to do except to enforce any judgment. Thus, the Court **DENIES** the parties' request for a stay, **GRANTS** their request to arbitrate, and dismisses this case *without prejudice*.

## V. CONCLUSION

For the above reasons, the Court **GRANTS IN PART** the Stipulation as follows:

1. The parties shall submit Plaintiff's claims to final and binding arbitration pursuant to the terms of the arbitration agreement referenced in the parties' Stipulation.

2. The instant action, and all proceedings herein, are dismissed *without prejudice*.

3. All remaining deadlines and dates set forth in this matter are hereby vacated.

4. The Clerk of the Court is directed to close this case.

**IT IS SO ORDERED.**

DATED:   September 20, 2021

_____
HON. ROGER T. BENITEZ
United States District Judge